UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------------------------------- X
Edward Christie,

                                Plaintiff,     **ORDER**
          -against-                        Case No. 05-cv-0379 (TLM)

General Electric Capital Services, Inc.,

                             Defendant,
----------------------------------------------------------------- X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court is plaintiff's Objection [Rec. Doc. 185] to defendant's Bill of Costs [Rec. Doc. 181-1].  The Court has jurisdiction to consider this Objection, notwithstanding plaintiff's pending Notice of Appeal [Rec. Doc. 183].  *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir.2004) ("notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters");  *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) ("a motion for costs filed pursuant to Rule 54(d) [of the Federal Rules of Civil Procedure]...raises issues wholly collateral to the judgment").

The Court notes that the Advisory Committee Note to which plaintiff refers in his Objection is a note to Paragraph (d)(2) of Rule 54, which concerns attorneys' fees, and not to Paragraph (d)(1) of Rule 54, which concerns costs other than attorneys' fees.  In any event, the Court declines to exercise any authority it may have to defer ruling on defendant's Bill of Costs, and will forthwith award defendant the costs allowable by law, pursuant to the Court's Judgment [Rec. Doc. 180].

The Court's award excludes any costs associated with the production or use of video recordings of depositions.  Rule 54(c)(2)(ii) of the District of Connecticut Local Rules of Civil Procedure allows for the recovery of "[t]he cost of an original and one copy of deposition

*transcripts*" as costs (emphasis added).  Similarly, 28 U.S.C. § 1920(2) allows the recovery of

"[f]ees for printed or electronically recorded *transcripts* necessarily obtained for use in the case"

(emphasis added).

"[C]ourts must presume that a legislature says in a statute what it means and means in a

statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  "When

interpreting a rule of procedure, [a court should] review the text for its 'plain meaning.'" *U.S. ex*

*rel. Eisenstein v. City of New York*, 540 F.3d 94, 97 (2d Cir.2008).  The Court finds the plain

meaning of the word "transcript" to be a written or printed copy, and not to include any type of

video recording.

The Court further notes that several other federal district courts have adopted rules that

specifically provide for the recovery of video deposition costs, *see, e.g.,* Northern District of

California Civil Local Rule 54-3(c)(1) ("The cost of an original and one copy of any deposition

(including video taped depositions) taken for any purpose in connection with the case is allowable");

Southern District of California Civil Rule 54.1(b)(3)(a) ("The cost of an original and one copy of

any deposition (including video taped depositions) necessarily obtained for use in the case is

allowable"), while the District of Connecticut has not done so.  It also notes that in 2008 Congress

amended the relevant portion of 28 U.S.C. § 1920(2) from "[f]ees of the court reporter for all or any

part of the *stenographic* transcript" to "[f]ees for *printed or electronically recorded* transcripts"

(emphasis added in both).  *See* Pub. L. 110-406, § 6, 122 Stat. 4292.  This change appears to reflect

an intent to include transcripts that are recorded by electronic recording device, rather than only

those recorded by traditional court stenographer, and had Congress intended to include video

recordings it would have specifically amended the statute to say so.

2

Based on the foregoing, it is

**ORDERED** that the Clerk of Court is to tax plaintiff with the costs of this proceeding, not to include costs related to video recordings of depositions.

**SO ORDERED.**

Tucker L. Melançon
United States District Judge

August 5, 2010
Bridgeport, CT